UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD D. KEEFE,<br><br>        Plaintiff,<br><br>v.<br><br>JON CORZINE, Governor, RONALD CHEN, Public Advocate, ZULIMA FARBER, Attorney General, GEORGE HAYMAN, Acting Commissioner, Department of Corrections, SUSAN BASS LEVIN, Commissioner, Department of Community Affairs, MAJOR GENERAL GLENN K. REITH, Department of Military and Veterans Affairs, KEVIN RYAN, Department of Human Services (DHS) Commissioner, ROLANDO TORRES, Department of Personnel Commissioner, NINA MITCHELL WELLS, Secretary of State, ALL MEMBERS OF PRESENT SENATE,<br><br>        Defendant. | Civ. No. 19-162<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court on the Application filed by Plaintiff Ronald D. Keefe ("Plaintiff") to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (Application, ECF No. 1-3.) For the reasons stated herein, Plaintiff's Application is granted, but the case is dismissed.

## **BACKGROUND**

Plaintiff's Complaint is an exact copy of one filed by Plaintiff in a previous case in this District. *See Keefe v. Corzine*, No. 3:06-cv-02843. The present Complaint lists numerous New Jersey state officials as Defendants, including Former Governor Jon Corzine and several

1

members of his administration. (Compl. at 3, ECF No. 1-2.) The Complaint generally raises grievances concerning drug policy. Plaintiff claims a constitutional right to purchase, use, and sell all controlled dangerous substances ("CDS"), a right that he claims has been violated by Defendants. (*Id.* at 4, 6.) Moreover, according to Plaintiff, Defendants have failed to control the spread of cocaine and other illegal drugs through New Jersey and other states. (*Id.* at 4–5.) Plaintiff alleges that Defendants allow illegal drug distribution so that they can collect fines and penalties from drug users and thereby make money for themselves. (*Id.* at 5.) The Complaint calls this a racketeering scheme. (*Id.*) Plaintiff seeks $350,000,000 in damages, legalization of all CDS, and release from jail of all people who are in jail for violation of CDS laws. (*Id.* at 6.)

When Plaintiff filed the previous case in 2006, the Court *sua sponte* dismissed the claim "as it is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief." *Keefe v. Corzine*, 2007 WL 327172 (D.N.J. Jan. 31, 2007).

Plaintiff filed the present Complaint on January 4, 2019. (ECF No. 1.) He filed an Application to proceed *in forma pauperis* along with the Complaint. (ECF No. 1-3.) As stated in the Application, Plaintiff's monthly income is $1,457, and his total monthly expenses are at least $1,445. (*Id.* at 1–2, 5.) Plaintiff receives housing assistance under Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f, and states that he lives paycheck to paycheck. (*Id.* at 5.)

## **LEGAL STANDARD**

In considering an application to proceed *in forma pauperis*, the court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, the litigant must file an application that includes an affidavit of indigence stating

the individual's total income, assets, and inability to pay filing fees. *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). Second, the court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B); *Roman*, 904 F.2d at 194 n.1. As under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]o survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citations omitted).

## DISCUSSION

At the first step of the inquiry, Plaintiff's financial circumstances are sufficient to grant *in forma pauperis* status. At the second step of the inquiry, the Complaint is frivolous and fails to state a claim. When Plaintiff filed the same complaint in 2006, the Court dismissed it as frivolous, and the same reasons for the Court's previous finding applies with equal force today. Moreover, because this claim was previously brought against the same parties and reached a final judgment on the merits, the present case is barred by the doctrine of res judicata. *See Montana v. United States*, 440 U.S. 147, 153 (1979) (internal citations omitted). The Complaint is thus dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to proceed *in forma pauperis* is granted, and the case is dismissed. An appropriate Order will follow.

Date: 10/15/2019                             */s/ Anne E. Thompson*
                                             ANNE E. THOMPSON, U.S.D.J.